**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marjorie Hooks, ) | No. CV-09-0097-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Actavis Totowa, LLC; et al., ) | |
| Defendants. ) | |

This case arises on Attorney Gregory A. Malkin's Motion to Withdraw as attorney for Plaintiff Marjorie Hooks. (Doc. 19) Overlooking his multiple violations of the Local Rules (LRCiv 83.3(b), 7.1(a)(3), and 7.1(b)(2)), counsel requests an order withdrawing him from this case as Plaintiff's counsel.

The docket reflects that on August 13, 2008, the Judicial Panel on Multidistrict Litigation designated the Southern District of West Virginia as the appropriate forum for MDL No. 1968, and, pursuant to 28 U.S.C. § 1407(a), ordered the Digitek products liability litigation transferred and assigned to Honorable Joseph R. Goodwin for pretrial consolidation and coordination. (Doc. 18) The February 13, 2009 MDL Conditional Transfer Order was filed with the Clerk of the Court, District of Arizona, on March 6, 2009. (*Id.*)

A MDL transfer is effective when the order of transfer is "filed in the office of the clerk of the district court of the transferee district." 28 U.S.C. § 1407(c). "When the

1  transfer becomes effective, 'the jurisdiction of the transferor court ceases and the transferee
2  court has exclusive jurisdiction.'" *In re Phenylpropanolamine (PPA) Products Liability*
3  *Litigation*, 460 F.3d 1217, 1230 (9th Cir. 2006) (quoting Manual For Complex Litigation
4  § 20.131 at 220 and Multidistrict Litigation Manual, § 9.1 (explaining that upon transfer of
5  the litigation "the divestment of [the transferor court's] jurisdiction is complete")). "A
6  transferee judge exercises all the powers of a district judge in the transferee district under the
7  Federal Rules of Civil Procedure and 'may make any pretrial order that the transferor court
8  might have made in the absence of a transfer.'" *Id.* at 1230-31.

9  Plaintiff's counsel has made no showing that the MDL Panel has remanded this
10 individual case back to the District of Arizona, where it was originally filed, for trial. 28
11 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the panel at or before
12 the conclusion of such pretrial proceedings to the district court from which it was transferred
13 unless it shall have been previously terminated. . . .").

14 Accordingly,

15 **IT IS ORDERED** that Attorney Gregory A. Malkin's Motion to Withdraw
16 as attorney for Plaintiff Marjorie Hooks, doc. 19, is **DENIED** without prejudice and, if
17 appropriate, may be re-filed in the Southern District of West Virginia.

18 Dated this 25th day of October, 2010.

Lawrence O. Anderson
United States Magistrate Judge

- 2 -